UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Not for Publication**

JACQUELYN REAVES,

*Plaintiff,*

v.

NEW YORK LIFE INSURANCE COMPANY,

*Defendant.*

Civil Action No. 2:16-cv-04375

**OPINION**

**John Michael Vazquez, U.S.D.J.**

The present matter comes before the Court on Defendant New York Life Insurance Company's ("Defendant" or "New York Life") motion to dismiss the Complaint for failure to state a claim.[1] *Pro Se* Plaintiff Jacquelyn Reaves ("Plaintiff") does not oppose this motion. This motion was decided without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. The Court has considered Defendant's submission, conducted an independent review of the issues, and grants Defendant's motion.

## I. BACKGROUND

The facts are derived from Plaintiff's Complaint ("Compl.").[2] Plaintiff alleges that in January 2005 Defendant "illegally advised [plaintiff] to live beyond [her] financial means at 22 as a new College Graduate, which Resulted in insurmountable, compounding debt, that [she] (to this

---

[1] Defendant's brief in support of its motion to dismiss the Complaint will be referred to hereinafter as "Def. Br." (D.E. 5-1).

[2] When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

day) [has] been unable to rebound from." *Id.* at 2. Plaintiff was employed as an insurance agent for Defendant in 2005 after she "received a call from the Vice President" of the company. *Id.* at 4. Plaintiff interviewed for the position and was told she would earn over $100,000 in her first year and would also receive "residuals" from the company. *Id.* Because "this business was commission only," Plaintiff "was responsible for funding [her] own work." *Id.* While employed by Defendant, Plaintiff alleges that she "depleted [her] financial resources to stay in business as a new graduate (and a minority)." *Id.*

In response to Plaintiff notifying Defendant that she "could not afford to live," an unidentified person from New York Life allegedly advised Plaintiff "to open a high balance credit card" and "get a good accountant." *Id.* Additionally, Plaintiff observed that "while [her] client base was diverse, the business prospects [she] received from the Vice President were from people in low socioeconomic areas," whereas the "male agents in the office were to people in affluent areas, ready to buy." *Id.* Plaintiff alleges she was not paid for "explaining the purpose of insurance" or "discussing nuances in the financial marketplace" with her clients. *Id.*

Plaintiff claims she was in debt by the time she resigned from New York Life. *Id.* Her "overhead exceeded $50,000 in insurance business related debt . . . [and she] was living on [her] credit cards." *Id.* at 4-5. After resigning, Plaintiff took a position at PNC Bank as a Licensed Financial Consultant. *Id* at 5. Plaintiff's résumé indicates that she worked at PNC Bank from 2006 to 2007, suggesting that she ended her employment with New York Life prior to 2006. *Id.* at 7. Additionally, Defendant attaches Plaintiff's resignation letter to its motion to dismiss, in which Plaintiff states that her resignation is valid as of January 23, 2006. Thus, it appears that the facts alleged took place sometime prior to 2006.

## II. PROCEDURAL HISTORY

Plaintiff filed her Complaint in New Jersey Superior Court, Bergen County, on March 1, 2016. D.E. 1, Ex. A. Defendant removed the case to this Court on July 18, 2016. *Id.* In lieu of an answer, Defendant moved to dismiss the Complaint on July 28, 2016. Def. Br. Plaintiff did not oppose Defendant's motion.

Defendant argues that dismissal is warranted because Plaintiff fails to plead a timely or legally cognizable cause of action. *Id.* at 5. Defendant contends that Plaintiff's Complaint makes conclusory statements and fails to reference any statute or law that Defendant violated. *Id.* at 9. Additionally, Defendant asserts that any claims made by the Plaintiff are time-barred by the statute of limitations, given that Plaintiff filed her complaint in 2016, over a decade after ending her employment with New York Life in January 2006. *Id.* at 10.

## III. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

3

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

### IV. DISCUSSION

#### A. Failure to State a Claim

Even construed liberally, the Court cannot determine any alleged causes of action in the Complaint. Plaintiff sets forth no counts, she cites to not statues, and she fails to indicate any specific cause of action. Her sole allegation seems to be that she was advised (by some unknown person who worked for Defendant) to secure a credit card which she could not afford. Plaintiff makes a reference to her sex and her status as a minority but does not do so in connection with any alleged liability. Instead, she claims that due to her sex and minority status, she suffered a greater "harm." In other words, those criteria (sex and minority status) are alleged to increase her damages but are not plausibly pled in connection with Defendant's alleged liability. This recitation of factual

4

allegations, without more, is insufficient to plausibly state a legal cause of action. *See Kassin v. U.S. Postal Serv.*, No. 11-1482, 2011 WL 6002836, at *2 (D.N.J. Nov. 30, 2011) (finding that a *pro se* plaintiff's discussion of factual allegations, without specifying a legal cause of action, was insufficient to withstand a motion to dismiss). Thus, Plaintiff's Complaint is dismissed without prejudice. Plaintiff may file an amended Complaint within thirty days, if she so chooses.

B. Statute of Limitations

Defendant argues that Plaintiff's allegations took place in 2005, at the time she worked for New York Life. Def. Br. at 1. Since these claims are over a decade old, Defendant argues, they are barred by any applicable statute of limitations. *Id.* This argument appears plausible given the sheer length of time that has transpired since Plaintiff's employment with New York Life and the filing of her complaint – approximately ten years. However, without first knowing what the underlying causes of action is or are, the Court cannot determine the appropriate statute of limitations, much less whether the statute of limitations has been violated. Moreover, the Court cannot determine whether any potential exception, such as equitable tolling, applies. Therefore, Defendant's motion to dismiss based on a violation of the statute of limitations is denied without prejudice. If Plaintiff files an amended Complaint, and Defendant believes it appropriate, Defendant may later move to dismiss based on any applicable statute of limitations.

V. CONCLUSION

In sum, the Court **GRANTS** Defendant's motion to dismiss for failure to state a claim. The Court **DENIES** Defendant's motion to dismiss based on a violation of the statute of limitations. Plaintiff's Complaint is dismissed without prejudice. Plaintiff has thirty (30) days to file an amended complaint that plausibly sets forth a cause of action, if she so chooses. If Plaintiff does not do so, this matter will be dismissed with prejudice, which means that Plaintiff will not be

able to bring another suit against Defendant based on the facts set forth in her Complaint. An appropriate order accompanies this opinion.


**Date:** March 7, 2017

_____
**JOHN MICHAEL VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**